O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LINK #10

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (In Chambers) Order Granting Plaintiffs' Motion for Default Judgment**

Pending before this Court is Plaintiffs' Motion for Default Judgment. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court GRANTS Plaintiffs' Motion.

I.    BACKGROUND

Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Riverside County Electrical Health and Welfare Trust Fund, Trustees of the Riverside County Electrical Educational and Training Trust Fund, Trustees of the National Electrical Benefit Fund, Trustees of the Inland Empire Labor-Management Cooperation Trust Fund, and Trustees of the National IBEW-NECA Labor-Management Cooperation Committee (collectively, "Plaintiffs"), are trustees of labor-management multi-employer trusts created pursuant to written Trust Agreements (Compl. ¶ 5.) The Trusts were created and are maintained pursuant to § 302(c)(5) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 186(c)(5). (*Id.*)

The terms and provisions of the Trust Agreements are incorporated by reference into the Ninth District Sound and Communications Agreement ("the Sound Agreement"), a collective bargaining agreement between various chapters of the International Brotherhood of Electrical Workers ("IBEW") and various chapters of the National Electrical Contractors Association ("NECA"). (Compl. ¶¶ 5,7.) On or before September 25, 2007, Alarm Tech Security Systems

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #10

CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | |

("Defendant") signed a Letter of Assent, whereby it agreed to be bound to the terms of the Sound Agreement. (Compl. ¶ 7.) The Sound Agreement and/or the related Trust Agreements require Defendant to report and pay to the Trusts fringe benefit contributions for all hours of covered work performed by its employees. (Compl. ¶ 12.) Defendant was required to calculate and report the amount of fringe benefits contributions due to the Trusts by completing monthly contribution reports and submitting them to the Southern California IBEW-NECA Administrative Corporation by the fifteenth of the month. (Compl. ¶ 12; MPO 4:18-22.) However, Defendant has failed to submit contribution reports and failed to make contribution payments from October 2007 through the present. (Compl. ¶ 14; MPO 4:23-26.)

On May 23, 2008, Plaintiffs filed a complaint against Defendant alleging: (1) breach of the Sound Agreement and related Trust Agreements and (2) violation of § 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145. Defendant failed to respond, and on July 21, 2008, pursuant to Plaintiffs' request, the clerk entered default against Defendant. (*See* Dock. No. 9.) Plaintiffs now move for default judgment.

II.   LEGAL STANDARD

Fed. R. Civ. P. 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Fed. R. Civ. P. and Local Rule 55-1 require that applications for default judgment set forth: (1) when and against which party default was entered; (2) the identification of the pleadings as to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. Fed. R. Civ. P. 55(b)(2); L.R. 55-1.

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *Id.* Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors (the "*Eitel* factors") before rendering a decision on default judgment. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Fed. R. Civ. P. favoring

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #10

CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | |

decisions on the merits.  *Id*.  It is important to note, however, that even "[i]n applying this discretionary standard, default judgments are more often granted than denied."  *PepsiCo, Inc. v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The plaintiff is required to prove all damages sought in the complaint, and those damages may not be "different in kind [or] exceed in amount that prayed for in the [complaint]."   Fed. R. Civ. P. 54(c).

Proximate cause between the act and the injury is established upon the defendant's default.  *See Elektra Entm't Group v. Bryant*, No. CV 03-6381, 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004); *Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 159 (2d Cir. 1992).  Thus, a plaintiff must only prove that the compensation sought relates to the damages that flow naturally from the injuries pled.  *Wu v. Ip,* No. C 93-4467, 1996 WL 428342, at *1 (N.D. Cal. July 25, 1996) (citing *Greyhound*, 973 F.2d at 159).  If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default.  *See Cripps v. Life Ins.  Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

III.   DISCUSSION

A.   Plaintiffs Have Met the Requirements for Default Judgment

Plaintiffs have satisfied the procedural requirements for entry of default judgment pursuant to Rules 55(a), 54(c), and Local Rules 55-1 and 55-2.  Plaintiffs have established that: (1) the clerk entered default judgment against Defendant on July 21, 2008 (*See* Docket item 9); (2) Defendant failed to respond to the Complaint (Motion 2:21-26); (3) Defendant is not an infant or an incompetent person (Carter Decl. ¶ 7); (4) Defendant is not in active military service (*Id.*); and (5) Plaintiffs served Defendant with notice of this motion and supporting papers on August 7, 2008 (*See* Plaintiffs' Application for Default Judgment by Court, Proof of Service). Plaintiffs have also satisfied the requirements of Rule 8(a)(3) and Rule 54(c) regarding damage awards in that they demand specific relief and do not request relief that differs from or exceeds that prayed for in the Complaint.

The discretionary *Eitel* factors also favor entry of default judgment.  Plaintiffs would

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #10

CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | |

suffer prejudice if default judgment were not entered because Plaintiffs would be without other recourse for recovery and would be unable to collect the amount owed. *See PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Thus, the first factor supports entry of default.

The second and third factors simply require the Court to examine the Complaint to determine whether the plaintiff has adequately pled a claim for relief. *Id.* at 1175-76. In this case, Plaintiffs assert two causes of action: (1) breach of written collective bargaining agreement and related trust agreements, and (2) unpaid contributions in violation of § 515 of ERISA, 29 U.S.C. § 1145.

The enforcement of collective bargaining agreements, although preempted by federal law under § 301(a) of the LMRA, 29 U.S.C. § 185(a), is generally governed by traditional principles of contract law. Wilson on Contracts § 55:54.   Accordingly, to prevail on its claim for breach of the collective bargaining agreement and related trust agreements, Plaintiffs must establish: (1) the existence of a valid contract, (2) plaintiff's performance, (3) defendant's breach, and (4) resulting damages. *Crosthwaite v. Glavin Const. Mgmt*, No. C 07-1241, 2007 WL 2790695, at *3 (N.D. Cal. Sept. 25, 2007). Here, the Complaint alleges  the existence of a valid written contract. (Compl. ¶¶ 5, 8.) Although Plaintiffs, as trustees, are not parties to the collective bargaining agreement, they are fiduciaries under ERISA and can enforce its terms. (Compl. ¶ 5); *Crosthwaite,* 2007 WL 2790695 at *3. The Complaint further alleges that all conditions precedent to Defendant's performance have been properly performed and that Defendant breached the contract by failing to submit contribution reports and to pay fringe benefit contributions. (Compl. ¶¶ 13-14.) Finally, the Complaint sufficiently alleges harm to Plaintiffs in that Defendant has failed and continues to fail to make the required contributions. (Compl. ¶¶ 14-15.) Thus, Plaintiffs have adequately pled their first cause of action.

To prevail on a claim for unpaid ERISA contributions, a plaintiff must prove that: (1) the trust funds are a qualified multi-employer plan as defined by 29 U.S.C. § 1003(37); (2) the defendant is an employer obligated to contribute under the plan's terms, and (3) the defendant failed to contribute in accordance to the plan. *Gen. Employees Trust Fund v. Victory Bldg. Maint., Inc.*, No. 06-6654, 2007 WL 1288393, at *4 (N.D. Cal. Apr. 11, 2007). According to the Complaint, (1) the trusts are multi-employer trusts created and maintained pursuant to the LMRA and/or collective bargaining agreements, (2) Defendant is an "employer" and is "obligated to make contributions to a multi-employer plan" within the meaning of ERISA, and (3) Defendant failed to timely pay fringe benefit contributions. (Compl. ¶¶ 5, 26-29.) Thus,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**LINK #10**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | |

Plaintiffs have adequately pled their ERISA claim.

As to the fourth factor, the amount of money at stake in the action, default judgement is appropriate.  Plaintiffs seek an award of $18,091.38, plus attorneys' fees, costs, and interest. While this amount is not insignificant, it does not represent a sum so large that default judgment would be disfavored.  *See Eitel*, 782 F.2d at 1472 (denying motion for default in part because amount sought totaled almost $3 million in damages).

The final three *Eitel* factors also favor entry of default judgment.  Because Plaintiffs filed a well-pleaded complaint alleging the facts necessary to establish their claims, and the court clerk entered default against Defendant, there is no genuine dispute regarding the material facts. Furthermore, the possibility that the default resulted from excusable neglect is slim, since Defendant was served with the Complaint on June 24, 2008, and served with the Notice on Entry of Default Judgment on August 7, 2008.  Despite having notice of this lawsuit for two months, Defendant has failed to take any action.  Finally, although cases should be decided on the merits whenever possible, Rule 55(a) specifically allows the termination of a case before a hearing on the merits when a defendant fails to defend an action, since a "[d]efendant's failure to answer [p]laintiff's [c]omplaint makes a decision on the merits impractical, if not impossible."  *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).

B.    Remedies

1.    *Damages*

Plaintiffs seek a principal award of $18,091.38, a figure which represents unpaid fringe benefit contributions in the amount of $15,604.04, prejudgment interest of $845.12 from the contribution due date until the date set for hearing (September 8, 2008), and liquidated damages of $1,642.22.

ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), provides:

(1) In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

(2) In any action under this subchapter by a fiduciary for or on behalf

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**LINK #10**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | | Date | September 8, 2008 |
|---|---|---|---|---|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | | |

of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-

(A) the unpaid contributions

(B) the interest on the unpaid contributions

(C) an amount equal to the greater of-

(I) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

An award of fees, costs, liquidated damages, and interest under § 1132(g)(2) is mandatory if: (1) the employer is delinquent at the time of the award, (2) the district court enters judgment against the employer, and (3) the plan provides for such an award. *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).

      *a.*     *Unpaid Contributions*

In this case, Plaintiffs have submitted evidence establishing that from October 1, 2007 through January 31, 2008, Defendant submitted monthly contribution reports but failed to submit the required fringe benefit contributions. (Johnson Decl. ¶ 12; Ex. C.) Defendant owes $15,604.04 in unpaid contributions. (Johnson Decl. ¶ 12; Ex. C.) Plaintiffs' request for

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**LINK #10**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | | Date | September 8, 2008 |
|---|---|---|---|---|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | | |

unpaid contributions in the above amount is hereby GRANTED.

Because Defendant is delinquent as to those funds, a judgement has been entered against Defendant, and the Sound Agreement provided for an award of interest on past due contributions and liquidated damages, the Court must award interest and liquidated damages as well. *See Nw. Adm'rs*, 104 F.3d at 257.

      *b.*     *Prejudgement Interest*

Plaintiffs have provided evidence showing that Defendant owes prejudgment interest of $845.12 for the months of October 2007 through January 2008, calculated from the date the contributions were due to September 8, 2008 (the hearing date). (Johnson Decl. ¶ 13; Ex. D.) Interest has been calculated at the rate specified in the Sound Agreement. (Motion 7:2-3; Johnson Decl. ¶ 13.) Plaintiffs' request for prejudgment interest in the above amount is hereby GRANTED.

      *c.*     *Liquidated Damages*

Plaintiffs have submitted evidence establishing that the Sound Agreement provided for liquidated damages in the amount of $1,642.22 for the months of October 2007 through January 2008, calculated from the date the contributions were due to September 8, 2008 (the hearing date). (Johnson Decl. ¶ 13; Ex. D.) Plaintiffs' request for liquidated damages in the above amount is hereby GRANTED.

      *2.*     *Attorneys' Fees and Costs*

An award of reasonable attorneys' fees and costs is mandatory in this case because Plaintiff trustees have prevailed in their action to collect benefit fund contributions. *See* 29 U.S.C. § 1132(g)(2); *Kemmis v. McGoldrick*, 706 F.2d 993, 997 (9th Cir. 1983). To determine whether Plaintiffs' proposed award of fees is reasonable, this Court must consider: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**LINK #10**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | |

relationship with the client; and (12) and awards in similar cases. *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1117 (9th Cir. 1979) (citation omitted).

Here, Plaintiffs seek attorneys' fees in the amount of $3,601.00. Plaintiffs have submitted extensive evidence establishing the reasonableness of the fees sought, including affidavits stating how the fees were incurred, the hourly fees charged ($160-250), and the typical hourly fees in similar cases (often $350 per hour or more). (Carter Decl. ¶¶ 1-5; Nicodemo Decl. ¶¶ 4-5). Plaintiffs also seek their costs of suit, consisting of filing fees of $350.00, service fees of $555.55, and research fees of $93.67. The Court finds these expenses to be reasonable. Therefore, the Court GRANTS Plaintiffs' request for attorneys' fees in the amount of $3,601.00 and costs in the amount of $999.22.

### 3. *Post-judgment Interest*

Plaintiffs also seek post-judgment interest from the date of entry of judgment until the date the judgment is paid in full. Under 28 U.S.C. § 1961(a), Plaintiffs are entitled to interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." *Bd. Of Trs. of Laborers Health & Welfare Trust Fund For N. Cal. v. Shade Constr. & Eng'g*, No. C 06-6830, 2007 WL 3071003, at *11 (N.D. Cal. Oct. 19, 2007). Plaintiff's request for post-judgment interest is hereby GRANTED.

### 4. *Injunctive Relief*

The Court notes that Plaintiffs' proposed judgment includes injunctive relief ordering Defendant to provide Plaintiffs with various documents. However, Plaintiffs failed to request such relief in their Motion for Default Judgment or to address the issue in their Memorandum of Points and Authorities in support thereof. Accordingly, injunctive relief is DENIED.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Entry of Default Judgment is GRANTED.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**LINK #10**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3432 PSG (PJWx) | Date | September 8, 2008 |
|----------|----------------------|------|-------------------|
| Title | Trustees of the Southern California IBEW-NECA Pension Plan, *et al.* v. Alarm Tech Security Systems, Inc. | | |

IT IS SO ORDERED.

_____ : _____

Initials of Deputy Clerk _____

cc: